IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAPHNE M. JONES-ROBINSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 23-3492-CDA |
| COSTCO WHOLESALE CORPORATION, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Costco Wholesale Corporation's ("Costco" or "Defendant") Motion to Stay Proceedings in Favor of Arbitration filed on May 28, 2024. ECF 39. Plaintiff Daphne M. Jones-Robinson filed her Opposition on June 7, 2024. ECF 41. Costco replied on June 12, 2024. ECF 42. The issue being fully briefed, the Court finds oral arguments unnecessary. *See* Local Rule 105.6. For the reasons stated below, the Motion to Stay Proceedings in Favor of Arbitration is GRANTED.

**I.   BACKGROUND**

Plaintiff commenced this action on December 4, 2023 in the Circuit Court for Baltimore County, Maryland. *See* ECF 2. On December 21, 2022, Defendant removed the action to this Court. ECF 1. This case was then referred to the undersigned in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302. ECFs 14, 16, 17.

Jones-Robinson alleges that on January 5, 2022, she, as a customer of Costco, "slipped on liquid on the floor that had not been removed" by Costco and fell onto the floor, sustaining injuries. ECF 2, at 2. Due to Defendant's alleged negligence, she claims, Plaintiff was seriously and permanently injured, undergoing "extensive" medical treatment. ECF 2, at 2.

On May 28, 2024, Costco filed this motion to stay proceedings in favor of arbitration. ECF 39. This request arises on the heels of Costo receiving, on May 1, 2024, a copy of an "Independent Contractor Agreement between Plaintiff and Instacart that contain[ed] a valid and enforceable arbitration clause." ECF 29, at 1. "Instacart is a technology company" where "customers can purchase groceries" from "retail partners and arrange for those good to be delivered[.]" ECF 39-1 (Affidavit of Jerica Sunga, Litigation Operation Lead at Instacart), at 1. Instacart "hires independent contractors who provide personal shopping and/or grocery delivery services to third-party customers[.]" ECF 39-1, at 2. Costco alleges that it "is among Instacart's retail partners." ECF 39-1, at 1-2. According to her answers to interrogatories, Plaintiff arrived at Costco "to shop for an Instacart client" on the day in question. ECF 39, at 6.

Costco maintains that Jones-Robinson entered into the "Independent Contractor Agreement" ("Agreement") on or about January 31, 2020 with Instacart. ECF 39, at 2. In the Agreement, she agreed to submit "any claims arising out of or related to the services performed under the Agreement to binding arbitration." ECF 39, at 2. The Agreement contains an arbitration clause wherein any and all claims arising between the signatory "and any third party retailer arising out of or related to the [s]ervices performed under [the] Agreement that may be brought against third party retailer at or in whose premises the [s]ervies under [the] Agreement may be performed . . . shall be resolved exclusively by an arbitrator[.]" ECF 39, at 4. The Agreement states that Plaintiff and Instacart "expressly agree that [the] Agreement shall be governed by the Federal Arbitration Act ["FAA"] (9 U.S.C. §§ 1 et seq.)." ECF 39, at 3. Additionally, the Agreement

represents that the governing law as to all aspects are construed in accordance with California state laws, notwithstanding the arbitration provision.[1]  ECF 39-1, at 11.

The Agreement includes a 30-day opt-out clause, which permits Plaintiff to opt out of the arbitration provision.  ECF 39-1, at 10.  On the final page of the Agreement, the signatory acknowledges and agrees that they have "carefully read this Agreement, under its terms, including the Arbitration Provision, and are entering into [the] Agreement voluntarily."  ECF 39-1, at 11.  Plaintiff's name follows this statement.  ECF 39-1, at 11.

## II.    LEGAL STANDARD

"The FAA reflects 'a liberal federal policy favoring arbitration agreements.'"  *Adkins v. Lab. Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).  Accordingly, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration."  *Id.* (citation omitted).  The FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration."  9 U.S.C. § 3.  This stay-of-litigation provision is mandatory.  *Adkins*, 303 F.3d at 500.  Therefore, a district court must grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within the scope of such agreement.  *United States v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir. 2001).  Moreover, "whether the parties have submitted a particular dispute to arbitration, *i.e.*, the '*question of arbitrability*,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'"

---

[1] Instacart is a Delaware corporation with its principal place of business in San Francisco, California; Plaintiff is a Maryland resident; and the relevant contract addresses shopping for goods in third-party retailers, such as Costco, a Washington corporation.  ECF 39-1, at 1; ECF 1, at 2.  The Agreement, signed by Jones-Robinson, provides that the governing state law is California, and neither party opposes this choice-of-law provision.  ECF 39-1, at 11; *see* ECF 39, 40, 41.

3

*Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *AT&T Techs., Inc. v. Communications Workers*, 475 U.S. 643, 649 (1986)).

### III. DISCUSSION

The Court finds that Jones-Robinson entered into a valid and enforceable arbitration agreement and that Costco is a third-party retailer under such Agreement. Additionally, Plaintiff's equitable estoppel and good faith reliance arguments are unavailing. For these reasons, the Court will grant the motion and require the parties to submit this matter to arbitration.

    *a. The arbitration Agreement is enforceable.*

In the Fourth Circuit, a litigant can compel arbitration under the FAA by demonstrating "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute." *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991). Costco satisfies each factor here.

Three factors are quickly satisfied. A dispute exists between the parties: Plaintiff's claims alleging Defendant's negligence and resulting damages. *See generally* ECF 2. Regarding the third factor, neither party disputes that the transaction involves interstate commerce. Furthermore, the Court finds that it does, given that Instacart is a technology company "and the services provided by Defendant to customers involve a virtual marketplace through a smartphone application or website." *Duval v. Costco Wholesale Corp.*, No. TSH-22-2338, 2023 WL 3852694, at *2 (N.D. Cal. June 5, 2023); *see United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007) ("[A]s both the means to engage in commerce and the method by which transactions occur, the Internet is an instrumentality and channel of interstate commerce."); *Hofer v. Emley*, No. JSC-19-2205, 2019 WL 4575389, at *12 (N.D. Cal. Sept. 20, 2019) (finding agreement affected interstate commerce

and the FAA applied because plaintiff needed to access the internet using his smartphone in order to engage with the company).  As to the fourth factor, Plaintiff has not attempted to arbitrate the dispute; her opposition to the Motion confirms her refusal to do so.  *See* ECF 39-2.

The second factor also favors arbitration.  It is clear that "even though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate." *Arrants v. Buck*, 130 F.3d 636, 640 (4th Cir. 1997).  Whether a party agreed to arbitrate a particular dispute is a question of state law governing contract formation.  *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).  "Agreements to arbitrate are construed according to the ordinary rules of contract interpretation, as augmented by a federal policy requiring that all ambiguities be resolved in favor of arbitration." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 710 (4th Cir. 2001).  According to general principles of contract law, "a party is bound by the provisions of a contract that he signs, unless he can show special circumstances that would relieve him of such an obligation." *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 845 (2d Cir. 1987); *see Circuit City Stores, Inc. v. Mantor*, 335 F.3d 1101, 1105 (9th Cir. 2003) ("Federal law provides that arbitration agreements generally shall be valid, irrevocable, and enforceable except when grounds exist at law or in equity for the revocation of any contract."). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000).

Plaintiff does not dispute the validity of the arbitration Agreement[2] (*i.e.*, that she voluntarily signed the Agreement, the authentication or valid formation of such Agreement) or

---

[2] Under California law, a contract requires (1) parties capable of contracting; (2) consent; (3) a lawful object; and (4) consideration.  Cal. Civ. Code § 1550.  It is enforceable unless a contract defense is generally available under California law, including unconscionability.  *See Bynum v. Maplebear Inc.*, No. 15-6263, 2016 WL 5373643, at *6 (E.D.N.Y. Sept. 19, 2016); *Cobarruviaz v. Maplebear, Inc.*, 143 F. Supp. 3d 930, 941 (N.D. Cal. 2015) ("[I]n California, the courts may

raise any deficits in the contract formation itself.³  Thus, the Court limits its focus to Plaintiff's sole argument, that Costco is not a third-party retailer under the Agreement.

> b. *Plaintiff fails to demonstrate that Costco is not a third-party retailer under the Agreement.*

Finding that arbitration can be compelled under the FAA, the Court addresses Plaintiff's argument that Costco is not a third-party retailer established under the Agreement. ECF 41, at 4. Plaintiff maintains that Costco failed to establish that it is included "in the category of third party retailers at or in whose premises the Services under [the] Agreement may be performed." ECF 41, at 4. Plaintiff cites Maryland's Annotated Code to delineate the difference between a "wholesaler" and "retailer". ECF 41, at 4. She further claims that Costco's "trade name is dispositive evidence that the Defendant is a wholesaler, rather than a retailer[.]" ECF 41, at 4-5. Challenging Costco's self-proclaimed retailer status, Plaintiff offers no governing law that supports her position and

---

refuse to enforce an arbitration agreement if [it] is unconscionable, as unconscionability is a general contract defense."). Based on the parties' representations, Plaintiff voluntarily and electronically signed the Agreement on January 31, 2020, as evidenced by the audit trail. ECF 39-1, at 2, 14. Plaintiff did not exercise her rights pursuant to the thirty-day opt-out provision. ECF 39-1, at 10. Moreover, the Agreement did not involve hidden terms or unfair provisions. At bottom, Plaintiff knowingly and voluntarily signed the Agreement, and she elected not to opt-out of the arbitration requirement.

³ The Court notes that Plaintiff bears the burden to argue unconscionability. *Cobarruviaz*, 143 F. Supp. 3d at 941 (citation omitted) ("Because unconscionability is a contract defense, the party asserting the defense bears the burden of proof."). Even so, no evidence of procedural or substantive unconscionability appears here. *See Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 88 (2000) (stating that procedural unconscionability under California law focuses on oppression and surprise). The record lacks evidence of oppression, surprise, or—in Plaintiff's words—"rules being changed in the middle of the game." Plaintiff knowingly and voluntary signed the Agreement containing the arbitration clause and did not opt-out. The arguments and record do not suggest a provision that is overly harsh, unduly oppressive, or so one-sided that it is unfair or otherwise shocks the conscience. *Sanchez v. Valencia Holding Co.*, LLC, 61 Cal. 4th 899, 910-11 (2015).

interpretations of these phrases when reaching her conclusion. She also acknowledges that the Maryland Code does not bind interpretation of the Agreement.

In response, Costco contends that Jones-Robinson's differentiation of "retailer" and "wholesaler" falls short. ECF 42, at 2. This is because retail "refers to the sale of goods or commodities to ultimate consumers"—which is Costco's business as a self-proclaimed "global retailer"—while wholesale is usually "to a retailer for resale, not to the ultimate consumer." ECF 42, at 2 (citations omitted). Costco also relies on Instacart for its interpretation: an affidavit from Jerica Sunga, a Litigations Operations Lead for Maplebear Inc., d/b/a/ Instacart, states that "Costco is among Instacart's retail partners." ECF 39-1, at 2. Additionally, at her deposition, Plaintiff acknowledged shopping at Costco for both Instacart and herself. ECF 42, at 2.

The Court notes that "well-established common law principles dictate that in an appropriate case a nonsignatory can enforce . . . an arbitration provision within a contract executed by other parties." *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 416-17 (4th Cir. 2000). In an analogous case, the Northern District of California granted Costco's motion to compel arbitration pursuant to an agreement between a plaintiff and Instacart, despite Costco being a nonsignatory. *See Duval*, 2023 WL 3852694, at *3-4. Other federal courts have considered Costco a third-party retailer under Instacart's provisions and in other contexts. *See Bynum v. Maplebear Inc.*, 160 F. Supp. 3d 527, 530 (E.D.N.Y. 2016) (emphasis added) (stating that customers "can create a user account with Instacart and place an online order for groceries from **retail stores** such as Safeway, PETCO, **Costco**"); *Zesty Paws LLC v. Nutramax Lab'ys, Inc.*, No. LGS-23-10849, 2024 WL 2853622, at *4 (S.D.N.Y. June 4, 2024) (stating that Costco is a "prominent third-party retailer"); *see generally*, *Wright v. Costco Wholesale Corp.*, 651 F. Supp. 3d 1099, 1099-1104 (N.D. Cal. 2023) (referring to Costco as a "national discount retailer" under

California consumer protection laws). For these reasons, the Court finds that Costco is a third-party retailer under the Agreement and can enforce the arbitration agreement.

      *c. Equitable estoppel is inapplicable, and the alleged prejudice does not supplant the FAA's mandate.*

Jones-Robinson proposes two additional reasons for avoiding arbitration even if Costco is a third-party beneficiary of the Agreement. First, she rests on equitable justifications for declining enforcement of the arbitration clause. Second, she argues, compelling arbitration risks curtailing discovery and "jeopardizes her ability to retain and utilize discovery already obtained." ECF 41, at 8. Neither argument prevails.

Jones-Robinson invokes both equitable estoppel and good faith reliance. She claims that the "rules are being changed in the middle of the game, to the obvious detriment to the Plaintiff" and that arbitration would end discovery altogether by entering a "new, presumably more favorable venue with a severe imbalance of access to evidence." ECF 41, at 7. Thus, she insists, "equity demands" the Court prevent Costco from seeking arbitration. ECF 41, at 8.

The Court is unaware of authority applying equitable estoppel as Plaintiff suggests, and she offers none. The "legal principle [underlying the theory of equitable estoppel] rests on a simple proposition: it is unfair for a party to rely on a contract when it works to its advantage, and repudiate it when it works to its disadvantage." *Wachovia Bank, Nat. Ass'n v. Schmidt*, 445 F.3d 762, 769 (4th Cir. 2006) (internal quotation marks and alterations omitted). "Equitable estoppel precludes a party from asserting rights he otherwise would have had against another when his own conduct renders assertion of those rights contrary to equity." *Int'l Paper Co.*, 206 F.3d at 417-18. The Fourth Circuit has long established that in the arbitration context, a nonsignatory to an arbitration clause may "compel a signatory to the clause to arbitrate." *Am. Bankers Ins. Grp., Inc. v. Long*, 453 F.3d 623, 627 (4th Cir. 2006). Equitable estoppel can also be invoked by a signatory

to an arbitration clause who sues a nonsignatory to compel arbitration. But the opposite situation exists in this case, and the doctrine is inapplicable here.[4]

Turning to alleged prejudice, Plaintiff insists that she has been shortchanged "any legal route to disclose confidential information to an arbitrator, or to use it in informal discovery outside of the current venue." ECF 41, at 9. This is because she signed a confidentiality order regarding discovery material, requiring that such material be returned at the conclusion of litigation. *See* ECF 41-2. Compelled arbitration, she maintains, does "not only undermine Plaintiff's reliance interest and deny her the right to adjudication by a jury, it will create a highly prejudiced position at the very start of arbitration." ECF 41, at 9. This, too, is an argument without legal support. The Court agrees with Costco's view: that Plaintiff's contentions that "her litigation will be 'concluded without her consent,' [] fails to acknowledge that she consented to arbitration by signing the Agreement in January 2020," before the underlying incident and this litigation. ECF 42, at 5. Plaintiff knowingly entered into this arbitration Agreement. There being no unfairness in the vein of unconscionability or lack of knowledge, the FAA requires the Court to compel arbitration where, as here, a valid clause exists. *Bankers Ins. Co.*, 245 F.3d at 319; *Choice Hotels Int'l, Inc.*, 252 F.3d at 710.

### IV.   CONCLUSION

The Motion to Stay Proceedings in Favor of Arbitration is GRANTED. This action is hereby STAYED pending arbitration of all claims determined by an arbitrator subject to the parties' arbitration agreement. The parties are directed to provide the Court with joint status

---

[4] Based on the record, Plaintiff, having signed the Agreement and been aware of her contractual relationship with Instacart, did not disclose the Agreement—and thus the arbitration provision—during discovery. Costco avers it learned of the Agreement's contents only after securing it from Instacart. ECF 42, at 3.

updates on the arbitration proceedings ninety (90) days from the date of this order and every ninety (90) days thereafter until arbitration concludes.

Sincerely,

/s/

Charles D. Austin

United States Magistrate Judge

Date: August 7, 2024